## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

EVELYN LARA, NANCY SOLANO,
and UNKNOWN TENANTS OF 2823
COCONUT AVENUE,

        Defendants.

_____/

### COMPLAINT TO FORECLOSE LIEN

Plaintiff, the United States of America, by and through the undersigned Assistant United States Attorney, for its complaint herein alleges as follows:

1.      This is an action brought by the United States to foreclose a criminal restitution lien in favor of the United States against Defendant Evelyn Lara.

2.      This action is brought pursuant to 28 U.S.C. §§ 2001-2003; 18 U.S.C. §§ 3613 and 3664.

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345.  Venue is proper in this Court under 28 U.S.C. § 1391.

4.      The real property upon which the United States seeks to foreclose its lien consists of a parcel situated in Miami-Dade County, Florida within the jurisdiction of this Court, and described as follows:

UNIT NO. 2823, VILLAGIO IN THE GROVE CONDOMINIUM, A CONDOMINIUM ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, AS RECORDED IN OR BOOK 23222, AT PAGE 596, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

5.     Defendants Evelyn Lara and Nancy Solano are residents of Miami-Dade County, Florida.

6.     Defendants Unknown Tenants of 2823 Coconut Avenue are residents of Miami-Dade County, Florida.

**<u>Foreclosure of Criminal Restitution Judgment Lien</u>**

7.     On January 13, 2016, Defendant Lara pleaded guilty in Case No. 15-CR-20096-SCOLA (S.D. Fla.) to Conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349.  On February 23, 2016, the defendant was ordered to pay restitution in the amount of $8,437,863.00. The Judgment in a Criminal Case and Amended Judgment in a Criminal Case are attached as Exhibits "A" and "B", respectively.

8.     The United States seeks to recover the unpaid criminal restitution judgment against Defendant Lara by foreclosure of the federal criminal restitution judgment lien encumbering her interest in the subject property.

9.     On May 3, 2019, the United States recorded a Notice of Lien for Fine and/or Restitution Imposed Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 in Official Records Book 31427, Page 919, of the Public Records of Miami-Dade County, Florida. *See* Exhibit "C".

10.     At the time of entry of the criminal restitution judgment and the recording of the criminal restitution judgment lien in the Public Records of Miami-Dade County, Florida, the subject property was owned by "Nancy Solano, a single woman and Evelyn Lara, a single woman". A copy of the Quitclaim Deed is attached as Exhibit "D".

11.     To date, Defendant Lara has neglected, failed, and/or refused to pay the full amount of the criminal restitution debt secured by the criminal restitution judgment and federal criminal restitution judgment lien.

12.     The federal criminal restitution judgment and federal criminal restitution judgment lien attach to and encumber Defendant Lara's interest in the subject property and can be foreclosed.

WHEREFORE, Plaintiff, the United States of America, prays for the following relief:

A.     That this Court determine the priority of all claims to, and liens upon, the subject property;

B.     That this Court adjudge and decree that the restitution judgment lien of the United States be foreclosed against the subject property located at 2823 Coconut Avenue, Miami, Florida 33133, that the property be sold free and clear of the liens and claims of all parties having an inferior interest in the property, and that the net proceeds of the sale be distributed in accordance with the priority determined by the Court; and

C.     That the United States be granted its costs incurred in this action, and that the Court grant such other and further relief as justice requires.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

/s/ Lauren Bluestein
Assistant U.S. Attorney
Florida Bar No. 95889
99 N.E. 4th Street, Suite 300
Miami, FL 33132
Tel. No. (305) 961-9323
Fax No. (305) 530-7193
E-mail: Lauren.Bluestein@usdoj.gov
*Counsel for United States of America*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

## I. (a)   PLAINTIFFS

DEFENDANTS

**(b)**  County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:       IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**(d)** Check County Where Action Arose:   ☐ MIAMI- DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE   ☐ HIGHLANDS

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☐ 3   Federal Question *(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government Defendant | ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**      **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability   ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Pharmaceutical   Slander        Personal Injury | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability   ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine        Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excl. Veterans) | ☐ 345 Marine Product        Liability | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability   **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 190 Other Contract | Product Liability   ☐ 380 Other Personal | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal        Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury   ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury -        Product Liability | Leave Act | | ☐ 895 Freedom of Information |
| | Med. Malpractice | ☐ 790 Other Labor Litigation | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | or Defendant) | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party 26 | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/        Sentence | | USC 7609 | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | Accommodations   **Other:** | **IMMIGRATION** | | Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 530 General | ☐ 462 Naturalization Application | | |
| | Employment   ☐ 535 Death Penalty | ☐ 465 Other Immigration | | |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | Actions | | |
| | Other   ☐ 550 Civil Rights | | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee – | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original Proceeding   ☐ 2  Removed from State Court   ☐ 3  Re-filed (See VI below)   ☐ 4  Reinstated or Reopened   ☐ 5  Transferred from another district *(specify)*   ☐ 6  Multidistrict Litigation   ☐ 7  Appeal to District Judge from Magistrate Judgment   ☐ 8  Remanded from Appellate Court

## VI.  RELATED/ RE-FILED CASE(S)
*(See instructions):*

a) Re-filed Case ☐YES ☐ NO   b) Related Cases ☐YES ☐ NO

JUDGE                                                   DOCKET NUMBER

## VII.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☐ Yes   ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

DATE                                    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #              AMOUNT              IFP              JUDGE              MAG JUDGE

JS 44 Reverse  (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.    **(a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

 II.    **Jurisdiction**.  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit**.  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin**.  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

Remanded from Appellate Court. (8) Check this box if remanded from Appellate Court.

VI.    **Related/Refiled Cases**. This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

VII.    **Cause of Action**.  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**.                    Example: U.S. Civil Statute: 47 USC 553
                    Brief Description: Unauthorized reception of cable service

VIII.    **Requested in Complaint**.  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| <br><br><br>_____<br>*Plaintiff(s)*<br>v.<br><br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br>Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____<br>*Plaintiff(s)*</td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____<br>*Defendant(s)*</td><td>)</td><td></td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## Southern District of Florida
### Miami Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: **15-20096-CR-SCOLA-4** |
| **EVELYN LARA** | USM Number: **06043-104** |
| | Counsel For Defendant: Joseph S. Rosenbaum, Esquire; Maria A. Dominguez, Esquire; and Rachel Brill, Esquire. Counsel For The United States: AUSA Dwayne E. Williams Court Reporter: Carleen Horenkamp |

The defendant pleaded guilty to count 1 of the indictment.

The defendant is adjudicated guilty of these offenses:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to commit bank fraud. | May 2007 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 3-6, 8, and 10 are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: 1/13/2016

ROBERT N. SCOLA, Jr.
United States District Judge

Date: 1/13/2016

DEFENDANT: **EVELYN LARA**
CASE NUMBER: **15-20096-CR-SCOLA-4**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **15 months**.

The court makes the following recommendations to the Bureau of Prisons: defendant be designated to a facility in the South Florida area.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons at 9:00 AM on **02/26/2016**.  If not designated by the specified date, the defendant shall surrender to the U.S. Marshals Service at the C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Second Floor, Miami, Florida.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **EVELYN LARA**
CASE NUMBER: **15-20096-CR-SCOLA-4**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five years**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first fifteen days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **EVELYN LARA**
CASE NUMBER: **15-20096-CR-SCOLA-4**

## SPECIAL CONDITIONS OF SUPERVISION

Financial Disclosure Requirement - The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

No New Debt Restriction - The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

Related Concern Restriction - The defendant shall not own, operate, act as a consultant, be employed in, or participate in any manner, in any real estate or mortgage related concern during the period of supervision.

Self-Employment Restriction - The defendant shall obtain prior written approval from the Court before entering into any self-employment.

DEFENDANT: **EVELYN LARA**
CASE NUMBER: **15-20096-CR-SCOLA-4**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $100.00 | $0.00 | |

The determination of restitution is deferred until **2/11/2016 at 9:00 AM**. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **NAME OF PAYEE** | **TOTAL LOSS*** | **RESTITUTION ORDERED** | **PRIORITY OR PERCENTAGE** |
|---|---|---|---|

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**Assessment due immediately unless otherwise ordered by the Court.

DEFENDANT: **EVELYN LARA**
CASE NUMBER: **15-20096-CR-SCOLA-4**

**SCHEDULE OF PAYMENTS**

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A. Lump sum payment of $100.00 due immediately.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

This assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:

**U.S. CLERK'S OFFICE**
**ATTN: FINANCIAL SECTION**
**400 NORTH MIAMI AVENUE, ROOM 08N09**
**MIAMI, FLORIDA 33128-7716**

The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.

**Joint and Several Restitution:**

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| CASE NUMBER DEFENDANT AND CO-DEFENDANT NAMES (INCLUDING DEFENDANT NUMBER) | TOTAL AMOUNT | JOINT AND SEVERAL AMOUNT |
|---|---|---|
| | | |

**Restitution is owed jointly and severally by the defendant and co-defendants in the above case.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## Southern District of Florida
### Miami Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **v.** | Case Number: **15-20096-CR-SCOLA-4** |
| **EVELYN LARA** | USM Number: **06043-104** |
| | Counsel For Defendant: Maria A. Dominguez, Esquire |
| | Counsel For The United States: AUSA Dwayne E. Williams |
| | Court Reporter: Carleen Horenkamp |

**Date of Original Judgment**: 01/13/2016
**(or Date of Last Amended Judgment)**

**AMENDMENT REASON(S):** Modification of Restitution Order (18 U.S.C. §3664).

The defendant pleaded guilty to count 1 of the indictment.

The defendant is adjudicated guilty of these offenses:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to commit bank fraud. | May 2007 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 3-6, 8, and 10 are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

ROBERT N. SCOLA, Jr.
United States District Judge

Date: 02/23/2016

DEFENDANT: **EVELYN LARA**
CASE NUMBER: **15-20096-CR-SCOLA-4**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **15 months**.

The court makes the following recommendations to the Bureau of Prisons: defendant be designated to a facility in the South Florida area.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons at 9:00 AM on **02/26/2016**.  If not designated by the specified date, the defendant shall surrender to the U.S. Marshals Service at the C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Second Floor, Miami, Florida.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **EVELYN LARA**
CASE NUMBER: **15-20096-CR-SCOLA-4**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five years**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1.  The defendant shall not leave the judicial district without the permission of the court or probation officer;
2.  The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first fifteen days of each month;
3.  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.  The defendant shall support his or her dependents and meet other family responsibilities;
5.  The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7.  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8.  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9.  The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **EVELYN LARA**
CASE NUMBER: **15-20096-CR-SCOLA-4**

## SPECIAL CONDITIONS OF SUPERVISION

Financial Disclosure Requirement - The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

No New Debt Restriction - The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

Related Concern Restriction - The defendant shall not own, operate, act as a consultant, be employed in, or participate in any manner, in any real estate or mortgage related concern during the period of supervision.

Self-Employment Restriction - The defendant shall obtain prior written approval from the Court before entering into any self-employment.

DEFENDANT: **EVELYN LARA**
CASE NUMBER: **15-20096-CR-SCOLA-4**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $100.00 | $0.00 | $8,437,863.00[1] |

The defendant must make restitution (including community restitution) to the attached list of payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| NAME OF PAYEE | TOTAL LOSS* | RESTITUTION ORDERED | PRIORITY OR PERCENTAGE |
|---|---|---|---|
| Clerk, U.S. Courts[2] |  | $8,437,863.00 |  |

**Restitution with Imprisonment -** It is further ordered that the defendant shall pay joint and several restitution in the amount of **$8,437,863.00** with co-defendants Raul Enrique Quintana, Maura Barbosa Lopes, and Juan Osiel Gonzalez. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**Assessment due immediately unless otherwise ordered by the Court.

---

[1] The amount of restitution ordered ($8,437,863.00) is divided as follows: the sum of $8,155,081.00 is due to the Federal Deposit Insurance Corporation ("FDCI") and $282,782.00 is due to J.P. Morgan Chase, N.A.  The FDCI, is neither the "United States" for purposes of 18 U.S.C. § 3664(i) nor an insurer for purposes of 18 U.S.C. § 3664(j).

[2] The Clerk, U.S. Courts, shall forward the restitution payments to the victims in this case.

DEFENDANT: **EVELYN LARA**
CASE NUMBER: **15-20096-CR-SCOLA-4**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A. Lump sum payment of $100.00 due immediately.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

This assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:

**U.S. CLERK'S OFFICE
ATTN: FINANCIAL SECTION
400 NORTH MIAMI AVENUE, ROOM 08N09
MIAMI, FLORIDA 33128-7716**

The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.

**Joint and Several Restitution:**

Defendant, and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| CASE NUMBER DEFENDANT AND CO-DEFENDANT NAMES (INCLUDING DEFENDANT NUMBER) | TOTAL AMOUNT | JOINT AND SEVERAL AMOUNT |
|---|---|---|
| Raul Enrique Quintana - 15-20096-CR-SCOLA-1 | | $8,437,863.00 |
| Maura Barbosa Lopes - 15-20096-CR-SCOLA-2 | | $8,437,863.00 |
| Juan Osiel Gonzalez - 15-20096-CR-SCOLA-6 | | $8,437,863.00 |

**Restitution is owed jointly and severally by the defendant, and co-defendants identified herein**.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# EXHIBIT C

CFN: 20190273317 BOOK 31427 PAGE 919
DATE:05/03/2019  08:04:23 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

DEPARTMENT OF JUSTICE

**NOTICE OF LIEN FOR
FINE AND/OR
RESTITUTION** IMPOSED
PURSUANT TO THE
ANTI-TERRORISM AND
EFFECTIVE DEATH PENALTY
ACT OF 1996
United States Attorney's Office
**SOUTHERN DISTRICT OF FLORIDA**

Notice is hereby given of a lien against the property of the defendant named below.  Pursuant to Title 18, United States Code, Section 3613(c), a fine or an order of restitution imposed pursuant to the provisions of sub chapter C of chapter 227 is a lien in favor of the United States upon all property belonging to the person fined or ordered to pay restitution.  Pursuant to § 3613(d) a notice of lien shall be considered a notice of lien for taxes for the purposes of any State or local law providing for the filing of a tax lien.  The lien arises at the time of the entry of judgment and continues until the liability is satisfied, remitted, or set aside, or until it becomes unenforceable pursuant to § 3613(b).

Name of Defendant:  Evelyn Lara a/k/a Evelyn Sardina a/k/a Evelyn Ramirez

Social Sec. #:  ████████████

Year of Birth:  1968

Amount of Assessment\Fine\Restitution:  $8,437,963.00

Court Imposing Judgment: **U.S. DISTRICT COURT, SDFL**

Court Number:  15-20096-CR-RNS

Date of Judgment:  February 23, 2016

**\*PLUS STATUTORY INTEREST \***

If payment becomes past due, possible penalties totaling 25 percent of the principal amount past due may arise.  18 U.S.C. § 3612(g).

**IMPORTANT RELEASE INFORMATION**--With respect to the lien listed above, this notice shall operate as a certificate of release pursuant to 18 U.S.C. § 3613(b) by operation of law.

Place of Filing: **MIAMI-DADE, FL**
This notice was prepared at MIAMI, FLORIDA on this, the *23* day of *April* 2019.

Signature

DANIELLE CROKE
Assistant U.S. Attorney

This Instrument Prepared
By: Pedro Martin
U.S. Attorney's Office
Financial Litigation Unit
99 N.E. 4th Street
Miami, Florida  33132
(305) 961-9346

# EXHIBIT D

```
CFN  2011R0053072
OR Bk 27564 Pg 2332; (1pg)
RECORDED 01/25/2011 13:24:26
DEED DOC TAX 0.60
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE
```

Prepared by:
Evelyn Lara
10601 SW 67th Court
Miami, Florida 33156

Folio #: 01-4116-121-0250

## QUIT CLAIM DEED

**This Quit Claim Deed, Made this** \_\_14\_\_ **day of JANUARY, 2011, Between Gustavo Sardina, a single man,** whose address is 3562 W Fairview Street, Miami, Florida 33133 of the County of **Miami-Dade**, State of **Florida**, grantor, and **Nancy Solano, a single woman and Evelyn Lara, a single woman,** whose address is 2823 Coconut Avenue, Miami, Florida 33133, of the County of **Miami-Dade**, State of **Florida**, grantee.

**Witnesseth** that the GRANTOR, for and in consideration of the sum of **TEN AND NO/100 DOLLARS ($10.00)** and other good valuable consideration to GRANTOR in hand paid by GRANTEE, the receipt whereof is hereby acknowledged, has granted, bargained and quitclaimed to the said GRANTEE AND GRANTEES heirs, successors and assigns forever, the following described land, situate, lying and being in the County of **Miami-Dade** State of Florida to wit:

UNIT NO. 2823, VILLAGIO IN THE GROVE CONDOMINIUM, A CONDOMINIUM ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, AS RECORDED IN OR BOOK 23222, AT PAGE 596, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

**To Have And To Hold** the same together with all and singular the appurtenances thereto belonging or in anywise appertaining , and all the estate, right, title, interest, line , equity and claim whatsoever of grantor, either in law or equity, for the use, benefit and profit of the said grantee forever.

**In Witness Whereof,** the grantor has hereunto set its hand and seal the day and year first above written.

**Signed, sealed and delivered in our presence:**

**Printed Name:** Artuno G Lavin
Witness

Gustavo Sardina

**Printed Name:** Ignacio S. Diaz
Witness

**STATE OF Florida**
**COUNTY OF Miami-Dade**

The foregoing instrument was acknowledged before me this \_\_14\_\_ day of **JANUARY, 2011**, by **GUSTAVO SARDINA**, who is personally known to me or has produced \_\_driver license\_\_ as identification.

CARLOS C. SANCHEZ
Notary Public - State of Florida
My Comm. Expires Feb 1, 2013
Commission # DD 866788
Bonded Through National Notary Assn.

Printed Name:
Notary Public
My Commission Expires:

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. _____

UNITED STATES OF AMERICA,

      Plaintiff,

      vs.

EVELYN LARA, NANCY SOLANO,
AND UNKNOWN TENANTS OF 2823
COCONUT AVENUE,

      Defendants.

_____/

## CIVIL COMPLAINT COVER SHEET

1.      Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __**X**__ No

2.      Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __**X**__ No

Dated: 12/29/20_____
Miami, Florida

                    Respectfully submitted,

                    **ARIANA FAJARDO ORSHAN**
                    **UNITED STATES ATTORNEY**

             By:    *s/Lauren Bluestein*_____
                      Lauren Bluestein
                      Assistant United States Attorney
                      Fla. Bar No. 95889
                      United States Attorney's Office
                      99 N.E. 4th Street, Suite 300
                      Miami, Florida 33132
                      Tel. No. (305) 961-9323
                      Fax No. (305) 530-7139
                      E-mail: Lauren.Bluestein@usdoj.gov
                      Counsel for United States of America